UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISAIAH WEA,<br><br>        Plaintiff,<br><br>        v.<br><br>THE HON. SERGIO V. CARVAJAL, and<br>WORCESTER CENTRAL HOUSING<br>COURT,<br><br>        Defendants. | 4:24-CV-40027-MRG |

**GUZMAN, D.J.**

**MEMORANDUM AND ORDER**
**ON DEFENDANTS' MOTION TO DISMISS [ECF No. 10]**

**I.      Introduction**

This case arises out of eviction proceedings in the Worcester Central Housing Court. *Pro se* Plaintiff Isiah Wea, who is a landlord, has sued the Worcester Central Housing Court and its First Justice, the Honorable Serio E. Carvajal ("Judge Carvajal") on the theory that they caused him to sustain financial losses associated with prosecuting his eviction case[1] and ultimately denied him a fair result.

Defendants have moved to dismiss the complaint on two different grounds. [ECF No. 11 at 2]. First, they argue that this Court does not have subject matter jurisdiction to adjudicate the dispute since, in their view, there is neither federal question jurisdiction nor diversity jurisdiction and because Plaintiff's claim against the Worcester Central Housing Court is barred by the

---

[1] Defendants have noted, and Plaintiff has not disputed, that the underlying eviction case was captioned: Wea v. Jackson, No. 23SP98 (Central Housing Court). [ECF No. 11 at 3, n. 2].

1

Eleventh Amendment. [Id.] Second, they argue that the action must be dismissed under Fed. R. Civ. P. 12(b)(6) because Judge Carvajal is entitled to absolute judicial immunity and because, in any event, the Plaintiff has failed to state a claim as to either of the Defendants. [Id.]

For the reasons set forth, this action is DISMISSED for lack of subject matter jurisdiction. Since this Court has determined that it does not have subject matter jurisdiction over the case, it will not render any judgments on the merits of the case. See e.g., Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.").

## II. Background

### a. Factual Background

Except as otherwise noted, the following facts are set forth as alleged in the Complaint. [ECF No. 1].

#### i. The Parties

Plaintiff is a resident of Worcester, Massachusetts. [Id. at 1]. Defendant Worcester Central Housing Court is an entity located in Worcester, Massachusetts. [Id. at 2]. Judge Carvajal is the First Justice of the Worcester Central Housing Court and is also alleged to be domiciled in Massachusetts. [Id.]

#### ii. The Allegedly Unlawful State Court Proceedings

The Court accepts as true the following facts as alleged in the Complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff purchased a two-family home in Worcester, Massachusetts in July of 2022. [Id. at 5]. Plaintiff leased the first floor of the home to an individual named Adina Jackson, who was a recipient of Section 8 of the United

States Housing Act of 1937 ("Section 8") housing assistance. [Id.]  In August of 2022, Plaintiff increased Ms. Jackson's monthly rent from $1,152 to $1,500. [Id.]  Ms. Jackson refused to pay the increased sum. [Id.]  In turn, on October 1, 2022, Plaintiff issued Ms. Jackson with a document entitled, "Notice of 30 Days." [Id.]  Plaintiff, apparently then represented by counsel, filed an "[e]viction case" against Ms. Jackson in November of 2022. [Id.]  Plaintiff attended two hearings in this action, and Ms. Jackson did not attend either. [Id.]  Plaintiff claims that he "won" his case against Ms. Jackson and that he then told his attorney to move the court to "pay the moving cost" in July 2023, but the (unnamed)[2] Judge denied this request. [Id.]  Plaintiff paid a sheriff $500 to "remove [the] tenant from the apartment." [Id.]  Plaintiff claims that both the unspecified moving costs and the $500 sheriff-related costs were "nonrefundable." [Id.]  Ms. Jackson offered Plaintiff $300 a day before a third hearing in the eviction case, but Plaintiff refused payment because he considered it a "bribe" that was offered without court consent. [Id.]

During the third hearing in the eviction action, the Judge stated that "by November 1st, 2023, [Plaintiff] can release an execution to remove tenant from the apartment." [Id.]  In turn, Plaintiff paid another unspecified amount of "moving cost[s]," and the Judge then "released the execution to remove the tenant on November 29, 2023." [Id.]  However, two days prior to the execution date (i.e., on November 27, 2023), the Judge granted Ms. Jackson a stay of eviction until January 31, 2024. [Id.] As of the date of the Complaint, Plaintiff's total expenses associated with the eviction action was $3,550. [Id.]

---

[2] As Defendants pointed out, the Complaint's allegations refer to a "judge" throughout, but do not refer specifically to Judge Carvajal. [ECF No. 11 at 3]. Moreover, the docket in the underlying matter apparently indicates that several judges (including Judge Carvajal) presided over the eviction proceedings; meaning that this Court does not presume that every reference to a judge in the Complaint referred to Judge Carvajal. [Id.]

### b. Procedural History

On February 14, 2024, Plaintiff filed a Complaint asking this Court to "[g]rant [him] a Fair Justice" and to award him $3,550 in compensation for the "losses" that he sustained in prosecuting the conviction case. [Id.]  Defendants filed their motion to dismiss on March 8, 2024.  [ECF No. 10].  Plaintiff did not file an opposition to this motion.

## III. Legal Standards

### a. *Pro Se* Pleadings

When, as here, a plaintiff is proceeding *pro se*, the Court must construe his complaint liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Indeed, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . .".  Id. (citation omitted).  That said, *pro se* litigants "still must comply with procedural and substantive law" and "[d]ismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim." Harihar v. United States Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 U.S. Dist. LEXIS 50596, at *14 (D. Mass. Mar. 31, 2017) (citations omitted).

### b. Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation omitted). Subject matter jurisdiction "'is never presumed.'"  Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (citation omitted).  The Court's subject matter jurisdiction "must be apparent from the face of the plaintiffs' pleading." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  The Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." Donahue v. Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted).

4

Moreover, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted).

A defendant may move to dismiss an action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[3] To determine if the plaintiff has carried their burden to show the existence of subject matter jurisdiction, the Court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009) (citation omitted). If the well-pleaded facts, evaluated in that generous manner, do not support a finding of federal subject-matter jurisdiction, the Court must dismiss the action. See id. (citation omitted).

For this Court to have subject matter jurisdiction in this case, Plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this Court has diversity jurisdiction. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

IV. **Application**

Here, the Complaint invokes neither this Court's federal question jurisdiction nor its diversity jurisdiction. On page 3 of the civil cover sheet, Plaintiff checked the "Federal question" box on his Complaint, but nothing in his Complaint references any federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

---

[3] Even if a defendant does not challenge the existence of subject matter jurisdiction, the Court has an independent "duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." Esquilín-Mendoza v. Don King Prods. Inc., 638 F.3d 1, 3 (1st Cir. 2011).

See Brough v. United Steelworkers of Am., 437 F.2d 748, 749 (1st Cir. 1971) ("For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question."). Indeed, when prompted by the cover sheet to describe the basis for this Court's purported federal question jurisdiction, Plaintiff wrote only: "[Judge Carvajal] put me into losses." [ECF No. 1 at 3]. This explanation is a wholly insufficient means of carrying the burden of proving the existence of subject matter jurisdiction. See e.g., Coley v. Citizens Bank, NA, No. 18-00694-WES, 2019 U.S. Dist. LEXIS 250903, at *4-5 (D.R.I. Jan. 17, 2019) ("On his Civil Cover Sheet, Plaintiff checked the 'federal question' box as the basis for federal court jurisdiction. Nevertheless, his pleading is in narrative form and does not identify any federal statutes or regulations violated by the [defendant] nor does he set forth any federal common law theories of recovery. Thus, on its face, his Complaint does not raise a 'federal question' pursuant to 28 U.S.C. § 1331."). Turning to the content of the Complaint itself [ECF No. 1 at 5], the Court finds that when applying the legal standard as articulated *supra* in Fothergill, none of the alleged facts nor causes of action invoke this Court's federal question jurisdiction. See 566 F.3d at 251 (citation omitted). Thus, even construing this *pro se* pleading liberally, the Court finds that Plaintiff has not met his burden to show the existence of federal question jurisdiction over this action.

This Court does not have diversity jurisdiction over the case either, since it is undisputed that each of the parties are citizens of Massachusetts. [ECF No. 1 at 1-2]. See e.g., May v. May, No. 17-40048-DHH, 2017 U.S. Dist. LEXIS 230186, at *3 (D. Mass. Apr. 25, 2017) ("[J]urisdiction does not exist under Section 1332 because the complaint alleges that all the parties reside in Massachusetts.").

Accordingly, this Court finds that it does not have subject matter jurisdiction over this action, and therefore the case must be DISMISSED. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## V.  Conclusion

For the foregoing reasons, this case is DISMISSED for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated: February 4, 2025

/s/ Margaret R. Guzman

MARGARET R. GUZMAN

United States District Judge
